**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.

CRAIG MONTENEGRO,

       Plaintiff,

vs.

THE CITY OF SOUTH MIAMI,
a municipal corporation,
SERGUEY HERNANDEZ, individually,
ROGELIO HERNANDEZ, individually,
ARYEH REZAIE, individually, and
CHRISTOPHER COSIO, individually.

       Defendants,

_____/

## COMPLAINT

## INTRODUCTION, JURISDICTION, and VENUE

1.    This is an action for damages in excess of fifteen thousand ($15,000.00) dollars arising out of one or more violations of State and Federal laws, detailed below.

2.    This action is brought pursuant to 42 U.S.C. §1983, 1988, and the Fourth, and Fourteenth Amendments to the United States Constitution, and the tort law of Florida.  Jurisdiction is founded on 28 U.S.C. §1331, 1343, 42 U.S.C. §1988, the constitutional provisions mentioned above, and under the tort law of Florida.

3.    This action is brought on behalf of Craig Montenegro ("MONTENEGRO") whose rights were violated when he was illegally seized and searched by City of South Miami ("CITY") police officers.  His privacy rights were invaded.  Defendant police officers illegally seized MONTENEGRO, battered him by way of excessive force, falsely arrested and imprisoned MONTENEGRO, causing him to be wrongfully detained, followed by a malicious prosecution that they caused to last for nearly one (1) year.  In connection with the acts and violations alleged below, the individual Defendants have

each violated the constitutional rights of MONTENEGRO.  Plaintiff seeks damages from the CITY and individual police officers.

4.     Venue is proper in this district because it is where the events complained of occurred.

5.     All conditions precedent to the maintenance of this action have been performed or have occurred prior to its institution including those set forth in Florida Statute Chapter 768.

6.     MONTENEGRO seeks awards of damages for permanent, physical, mental and emotional injuries, loss of earning capacity, loss of enjoyment of life, punitive damages, court costs, attorneys' fees, and other damages as described more fully below.

## PARTIES

7.     MONTENEGRO is a resident of Miami-Dade County, Florida and sui juris.

8.     CITY is a political subdivision of the State of Florida.

9.     CITY, for the protection of its citizens and the enforcement of its laws and the laws of the State of Florida, operates the City of South Miami Police Department ("SMPD").

10.     SMPD was operational on November 2, 2013.

11.     SERGUEY HERNANDEZ ("SERGUEY"), ROGELIO HERNANDEZ ("ROGELIO"), ARYEH REZAIE ("ARYEH") and CHRISTOPHER COSIO ("CHRIS") (collectively "Defendants"), were at all times material employees or agents of the City of South Miami.

12.     On November 2, 2013 (hereinafter "DOI" for Date of Incident), each of Defendants was a police officer with SMPD.

**GENERAL ALLEGATIONS**

13.    On DOI, MONTENEGRO and two (2) companions were sitting in his car getting ready to pull out of a parking spot in an upper level of a parking garage (hereinafter "garage").

14.    On DOI, Defendants were conducting a "park and walk" (a term used for when SMPD officers park their vehicles(s) and walk up and down the floors of garage in search of criminal activity), when they noticed MONTENEGRO and his companions.

15.    On DOI, without probable cause and/or a reasonable suspicion that a crime was afoot, Defendants illegally ordered MONTENEGRO to stop his vehicle.

16.    At no time on DOI did MONTENEGRO resist or pose a threat to any of Defendants.

17.    After a passenger in the back seat (JOSE) of said vehicle asked an officer for his name, the officer, who was later identified as ROGELIO, ordered JOSE out of said vehicle.

18.    Sensing that he and the passengers might be in danger, MONTENEGRO began recording the illegal stop.

19.    ROGELIO violated the 4th Amendment rights of JOSE by forcing him to spread his arms against the vehicle and by conducting an illegal search.

20.    Upon ROGELIO seeing MONTENEGRO recording the illegal stop, ROGELIO ordered MONTENEGRO to cease recording.

21.    ROGELIO then ordered MONTENEGRO and another passenger (JANNELY) out of the vehicle.

22.    Within a few minutes, and with no legal justification, ROGELIO and SERGUEY violently took down MONTENEGRO to the floor.

23.    ARYEH and CHRIS failed to intervene when ROGELIO and SERGEY

violently took down MONTENEGRO to the floor.

24.     Once MONTENEGRO was on the floor, ROGELIO and SERGUEY placed MONTENEGRO in handcuffs.  Again, ARYEH and CHRIS failed to intervene.

25.     After MONTENEGRO was on the floor and handcuffed, ROGELIO and ARYEH tased MONTENEGRO with their respective tasers.  SERGUEY and CHRIS were aware of the excessive force and capable of intervening by telling their colleagues to put away their tasers but they failed to intervene.

26.     MONTENEGRO never resisted any of the Defendants.

27.     MONTENEGRO never battered any of the Defendants.

28.     MONTENEGRO never drove a vehicle in violation of the State of Florida's driving under the influence of alcohol laws.

29.     MONTENEGRO was wrongfully charged with three (3) felonies and one (1) misdemeanor.

30.     In an effort to justify their conduct, each individual Defendant lied about different facts to set up and continue the prosecution of MONTENEGRO.

31.     Nearly one (1) year after the night of the arrest, despite efforts from multiple Defendants to have the prosecution continue, the State of Florida dropped the charges against MONTENEGRO.

32.     On DOI, SERGUEY, ROGELIO, ARYEH and CHRIS were acting within the course and scope of their employment and under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of Florida and/or SMPD.

33.     At the relevant time, SERGUEY, ROGELIO, ARYEH and CHRIS participated in a course of conduct which they knew, or reasonably should have known, was intended to and did result in abridgment and deprivation of

MONTENEGRO's rights and privileges, as secured under the Constitution of the United States of America.

34.     Defendants charged MONTENEGRO with two (2) counts of Battery on a Law Enforcement Officer; and one (1) count each of Resisting an Officer with Violence and Driving Under the Influence.

35.     Defendants committed numerous egregious acts, including but not limited to the acts when they: jointly decided to arrest MONTENEGRO despite knowing that he did not commit a crime; jointly decided to charge MONTENEGRO with multiple felonies despite knowing he did not commit a felony and in an effort to justify the multiple, illegal uses of electronic controlled devices; and Defendants each lied under oath in their criminal depositions in order to perpetuate the length of time that the criminal charges hung over MONTENEGRO.

36.     MONTENEGRO was criminally prosecuted in felony court in Miami-Dade County for nearly one (1) year pursuant to case number F13-25792.

37.     On October 8, 2014, the State of Florida dropped all pending charges against MONTENEGRO.

38.     All conditions precedent to suit have been performed, have occurred or have been excused.

### COUNT I
### MONTENEGRO'S CLAIM OF BATTERY AGAINST CITY

39.     Plaintiff, MONTENEGRO, re-alleges paragraphs one (1) through thirty-eight (38) and incorporates them by reference herein.

40.     This is a cause of action for damages in excess of fifteen thousand dollars ($15,000.00), exclusive of costs and attorney's fees.

41.     CITY is responsible for the conduct of the police officers in its employ.

42.     On or about November 2, 2013, SERGUEY, ROGELIO and ARYEH, while

acting within the course and scope of their employment with CITY, battered MONTENEGRO without legal justification.

43.     MONTENEGRO never consented to this conduct from SERGUEY, ROGELIO and/or ARYEH.

44.     As a direct and proximate result of this conduct of SERGUEY, ROGELIO and ARYEH, MONTENEGRO has been injured, including but not limited to the following: physical injury; medical expenses; emotional distress; physical pain and suffering; mental pain and suffering; loss of capacity to enjoy life; loss of future earning capacity; loss of rights; imprisonment; discomfort; public humiliation and embarrassment; damage to his good name and reputation; fear; anxiety; loss of personal liberty; outrage; lost wages; financial losses; the costs of bringing suit; and other general damages.

### COUNT II
### MONTENEGRO'S CLAIM OF FALSE ARREST AGAINST CITY

45.     Plaintiff, MONTENEGRO, re-alleges paragraphs one (1) through thirty-eight (38) and incorporates them by reference herein.

46.     SERGUEY, ROGELIO, ARYEH, and CHRIS (collectively "Defendants") were acting within the course and scope of their employment with CITY, when they used unnecessary force and forcibly and without probable cause arrested MONTENEGRO.

47.     At all material times, Defendants wrongfully and unlawfully caused MONTENEGRO to be falsely imprisoned and confined while there was no probable cause to do so.

48.     At all material times, the actions of Defendants were in furtherance of the interests of the CITY, and consistent with the de facto organizational policy and culture of disdain for the exercise of First Amendment rights, and not to accomplish

their own personal goals.

49.   The arrest and confinement was against MONTENEGRO's will.

50.   As a direct and proximate result of this conduct of Defendants, MONTENEGRO has been injured, including but not limited to the following:  physical injury; medical expenses; emotional distress; physical pain and suffering; mental pain and suffering; loss of capacity to enjoy life; loss of future earning capacity; loss of rights; imprisonment; discomfort; public humiliation and embarrassment; damage to his good name and reputation; fear; anxiety; loss of personal liberty; apprehension of going to a criminal trial and receiving a jail sentence; outrage; lost wages; financial losses; the costs of bringing suit; and other general damages.

## COUNT III: 42 U.S.C. §1983 VIOLATION OF MONTENEGRO'S CIVIL RIGHTS (SERGUEY)

51.   Plaintiff, MONTENEGRO, re-alleges paragraphs one (1) through thirty-eight (38) and incorporates them by reference herein.

52.   This count is in the alternative as permitted under Fed. R. Civ. P. 8, and within the purview of *McGhee v. Volusia County*, 679 So. 2d 729 (Fla. 1996).

53.   SERGUEY's actions on the DOI occurred within the scope of his employment with CITY and under color of state law.

54.   SERGUEY knew or should have known, and every reasonable officer in his position would have concluded, that there was no reason to stop or arrest MONTENEGRO, as there was no probable cause or reasonable suspicion to believe he was committing a crime at any time while he was observed by SERGUEY.

55.   SERGUEY had a legal duty to ensure that his fellow officers on the scene used only that amount or degree of force against MONTENEGRO as was reasonable and necessary under the circumstances.  Pursuant to the written policies of SMPD, national police standards, and federal and state constitutional law, a police officer

cannot use "excessive force," often defined as a level of force inappropriate to the circumstances, against members of the public.

56.     On DOI, SERGUEY used an excessive and unnecessary amount of force against MONTENEGRO, which was objectively unreasonable in light of the facts and circumstances confronting SERGUEY and did not involve a rapidly evolving situation other than that created by SERGUEY, particularly considering that (a) he lacked reasonable suspicion or probable cause, (b) there was no traffic violation, (c) MONTENEGRO posed no immediate threat to the safety of SERGUEY or any other person and (d) MONTENEGRO was not actively resisting arrest or attempting to evade arrest by flight.

57.     SERGUEY knew or should have known, and every reasonable officer in that position would have concluded, that the force he used against MONTENEGRO was unlawful.

58.     SERGUEY violated MONTENEGRO's constitutional rights to be secure in his person, free from an unreasonable seizure, and free from the use of excessive force.

59.     These violations were of a type and character as to which any reasonable person would be aware, and further, the law prohibiting such conduct as unconstitutional is clearly established.

60.     SERGUEY acted knowingly, intentionally, and maliciously, and/or with a reckless or callous indifference to the federally protected rights of MONTENEGRO.

61.     As a direct and proximate result of SERGUEY's violation of MONTENEGRO's civil rights, MONTENEGRO has suffered damages, including mental anguish, bodily injury, pain and suffering, disability, disfigurement, emotional distress, humiliation, embarassment, loss of capacity of the enjoyment of life, expense

of hospitalization, medical and nursing care and treatment, loss of earnings,  loss of ability to earn money, and aggravation of a previously existing condition.  The losses are permanent and/or continuing and MONTENEGRO will continue to suffer losses in the future.

62.    MONTENEGRO has retained the undersigned attorney to prosecute this action on his behalf and has agreed to pay him a reasonable fee and to reimburse the costs of this action.

WHEREFORE,    MONTENEGRO    demands    judgment    against    SERGUEY    for compensatory and punitive damages, costs, reasonable attorney's fees pursuant to 42 U.S.C. §1988, and such other and further relief as the Court deems appropriate.

## COUNT IV: FALSE ARREST/FALSE IMPRISONMENT AGAINST SERGUEY

63.    Plaintiff, MONTENEGRO, re-alleges paragraphs one (1) through thirty-eight (38) and incorporates them by reference herein.

64.    This count is in the alternative as permitted under Fed. R. Civ. P. 8, and within the purview of *McGhee v. Volusia County*, 679 So. 2d 729 (Fla. 1996).

65.    SERGUEY's actions on the DOI occurred within the scope of his employment with CITY and under color of state law.

66.    SERGUEY participated in the following which constituted false imprisonment or arrest of MONTENEGRO: seizing, detaining and/or arresting MONTENEGRO by: stopping his vehicle; ordering him out of his vehicle; beating him to the ground; handcuffing him; ordering him to sit on the floor; and tasering him.

67.    The criminal offenses with which MONTENEGRO was charged were known to SERGUEY to be patently false, without probable cause and/or not supportable under the law, albeit probable cause in a false arrest/imprisonment action is an affirmative defense, the burden of proof of which is the obligation of

SERGUEY.

68.     MONTENEGRO was deprived of his liberty.

69.     The imprisonment or arrest and deprivation were against MONTENEGRO's will.

70.     The imprisonment or arrest and deprivation were unreasonable and unlawful.

71.     The imprisonment or arrest and deprivation were not based on lawfully issued process of Court and there was no valid warrant for the arrest of MONTENEGRO.

72.     Indeed, SERGUEY acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property of MONTENEGRO's rights.

73.     As a direct and proximate result of this conduct of SERGUEY, MONTENEGRO has been injured, including but not limited to the following:  physical injury; medical expenses; emotional distress; physical pain and suffering; mental pain and suffering; loss of capacity to enjoy life; loss of future earning capacity; loss of rights; imprisonment; discomfort; public humiliation and embarrassment; damage to his good name and reputation; fear; anxiety; loss of personal liberty; apprehension of going to a criminal trial and receiving a jail sentence; outrage; lost wages; financial losses; criminal attorney fees; civil attorney fees; the costs of bringing suit; and other general damages.

## COUNT V: 42 U.S.C. §1983 MONTENEGRO'S CLAIM OF MALICIOUS PROSECUTION AGAINST SERGUEY

74.     Plaintiff, MONTENEGRO, re-alleges paragraphs one (1) through thirty-eight (38) and incorporates them by reference herein.

75.     This count is in the alternative as permitted under Fed. R. Civ. P. 8, and

within the purview of McGhee v. Volusia County, 679 So. 2d 729 (Fla. 1996).

76.     A criminal judicial proceeding was commenced against MONTENEGRO on the criminal charges levid against him, as indicated.

77.     The proceeding was instigated, at least in part, by SERGUEY, in the course and scope of his work as a police officer for SMPD.

78.     The proceeding was instituted without probable cause as the facts observed by SERGUEY prior to arrest, and the matters known to SERGUEY before the institution of prosecution, would not have warranted a reasonable man to believe that any criminal offense had been committed by MONTENEGRO.

79.     SERGUEY, acting under color of authority during the course and scope of his employment, but motivated by malice and ill will, which is implied by the lack of probable cause and/or the express malice as shown by his reckless disregard for MONTENEGRO's rights and his personal animosity and hostility towards MONTENEGRO.

80.     SERGUEY made material misstatements of fact in support of the prosecution of MONTENEGRO.

81.     No prosecution of MONTENEGRO would have occurred but for the actions of SERGUEY.

82.     The fact of MONTENEGRO's prosecution became known to many persons to MONTENEGRO unknown as a result of being made part of the public records of Miami-Dade County and appearing on court documents available to public scrutiny as well as being posted on the internet and otherwise being made available to the public at large.

83.     The termination of the criminal proceeding against MONTENEGRO was a bona fide termination in favor of MONTENEGRO, and it was not a bargained-for result by MONTENEGRO.

84.     42 U.S.C. §1983 provides a remedy for a violation of these rights, including compensatory and punitive damages which are hereby demanded.

85.     As a direct and proximate result of this conduct of SERGUEY, MONTENEGRO has been damaged, including but not limited to the following:  medical expenses; emotional distress; physical pain and suffering; mental pain and suffering; loss of capacity to enjoy life; loss of future earning capacity; loss of rights; imprisonment; discomfort; public humiliation and embarrassment; damage to his good name and reputation; fear; anxiety; loss of personal liberty; apprehension of going to a criminal trial and receiving a jail sentence; outrage; lost wages; financial losses; criminal attorney fees; civil attorney fees; the costs of bringing suit; and other general damages.

## COUNT VI: 42 U.S.C. §1983 VIOLATION OF MONTENEGRO'S CIVIL RIGHTS (ROGELIO)

86.     Plaintiff, MONTENEGRO, re-alleges paragraphs one (1) through thirty-eight (38) and incorporates them by reference herein.

87.     This count is in the alternative as permitted under Fed. R. Civ. P. 8, and within the purview of McGhee v. Volusia County, 679 So. 2d 729 (Fla. 1996).

88.     ROGELIO's actions on the DOI occurred within the scope of his employment with CITY and under color of state law.

89.     ROGELIO knew or should have known, and every reasonable officer in his position would have concluded, that there was no reason to stop or arrest MONTENEGRO, as there was no probable cause or reasonable suspicion to believe he

was committing a crime at any time while he was observed by ROGELIO.

90.     ROGELIO had a legal duty to use only that amount or degree of force against MONTENEGRO as was reasonable and necessary under the circumstances.  Pursuant to the written policies of SMPD, national police standards, and federal and state constitutional law, a police officer cannot use "excessive force," often defined as a level of force inappropriate to the circumstances, against members of the public.

91.     On DOI, ROGELIO used an excessive and unnecessary amount of force against MONTENEGRO, which was objectively unreasonable in light of the facts and circumstances confronting ROGELIO and did not involve a rapidly evolving situation other than that created by ROGELIO, particularly considering that (a) he lacked reasonable suspicion or probable cause, (b) there was no traffic violation, (c) MONTENEGRO posed no immediate threat to the safety of ROGELIO or any other person and (d) MONTENEGRO was not actively resisting arrest or attempting to evade arrest by flight.

92.     ROGELIO knew or should have known, and every reasonable officer in that position would have concluded, that the force he used against MONTENEGRO was unlawful.

93.     ROGELIO violated MONTENEGRO's constitutional rights to be secure in his person, free from an unreasonable seizure, and free from the use of excessive force.

94.     These violations were of a type and character as to which any reasonable person would be aware, and further, the law prohibiting such conduct as unconstitutional is clearly established.

95.     ROGELIO acted knowingly, intentionally, and maliciously, and/or with a reckless or callous indifference to the federally protected rights of MONTENEGRO.

96.     As a direct and proximate result of ROGELIO's vioation of MONTENEGRO's civil

rights, MONTENEGRO has suffered damages, including mental anguish, bodily injury, pain and suffering, disability, disfigurement, emotional distress, humiliation, embarassment, loss of capacity of the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings,  loss of ability to earn money, and aggravation of a previously existing condition.  The losses are permanent and/or continuing and MONTENEGRO will continue to suffer losses in the future.

97.   MONTENEGRO has retained the undersigned attorney to prosecute this action on his behalf and has agreed to pay him a reasonable fee and to reimburse the costs of this action.

WHEREFORE, MONTENEGRO demands judgment against ROGELIO for compensatory and punitive damages, costs, reasonable attorney's fees pursuant to 42 U.S.C. §1988, and such other and further relief as the Court deems appropriate.

### COUNT VII: FALSE ARREST/FALSE IMPRISONMENT AGAINST ROGELIO

98.   Plaintiff, MONTENEGRO, re-alleges paragraphs one (1) through thirty-eight (38) and incorporates them by reference herein.

99.   This count is in the alternative as permitted under Fed. R. Civ. P. 8, and within the purview of *McGhee v. Volusia County*, 679 So. 2d 729 (Fla. 1996).

100.  ROGELIO's actions on the DOI occurred within the scope of his employment with CITY and under color of state law.

101.  ROGELIO participated in the following which constituted false imprisonment or arrest of MONTENEGRO: seizing, detaining and/or arresting MONTENEGRO by: stopping his vehicle; ordering him out of his vehicle; beating him to the ground; handcuffing him; ordering him to sit on the floor; and tasering him.

102.  The criminal offenses with which MONTENEGRO was charged were known to ROGELIO to be patently false, without probable cause and/or not

supportable under the law, albeit probable cause in a false arrest/imprisonment action is an affirmative defense, the burden of proof of which is the obligation of ROGELIO.

103.   MONTENEGRO was deprived of his liberty.

104.   The imprisonment or arrest and deprivation were against MONTENEGRO's will.

105.   The imprisonment or arrest and deprivation were unreasonable and unlawful.

106.   The imprisonment or arrest and deprivation were not based on lawfully issued process of Court and there was no valid warrant for the arrest of MONTENEGRO.

107.   Indeed, ROGELIO acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property of MONTENEGRO's rights.

108.   As a direct and proximate result of this conduct of ROGELIO, MONTENEGRO has been injured, including but not limited to the following:  physical injury; medical expenses; emotional distress; physical pain and suffering; mental pain and suffering; loss of capacity to enjoy life; loss of future earning capacity; loss of rights; imprisonment; discomfort; public humiliation and embarrassment; damage to his good name and reputation; fear; anxiety; loss of personal liberty; apprehension of going to a criminal trial and receiving a jail sentence; outrage; lost wages; financial losses; criminal attorney fees; civil attorney fees; the costs of bringing suit; and other general damages.

## COUNT VIII: 42 U.S.C. §1983 MONTENEGRO'S CLAIM OF MALICIOUS PROSECUTION AGAINST ROGELIO

109.   Plaintiff, MONTENEGRO, re-alleges paragraphs one (1) through thirty-eight (38) and incorporates them by reference herein.

110.   This count is in the alternative as permitted under Fed. R. Civ. P. 8, and within the purview of McGhee v. Volusia County, 679 So. 2d 729 (Fla. 1996).

111.   A criminal judicial proceeding was commenced against MONTENEGRO on the criminal charges levid against him, as indicated.

112.   The proceeding was instigated, at least in part, by ROGELIO, in the course and scope of his work as a police officer for SMPD.

113.   The proceeding was instituted without probable cause as the facts observed by ROGELIO prior to arrest, and the matters known to ROGELIO before the institution of prosecution, would not have warranted a reasonable man to believe that any criminal offense had been committed by MONTENEGRO.

114.   ROGELIO, acting under color of authority during the course and scope of his employment, but motivated by malice and ill will, which is implied by the lack of probable cause and/or the express malice as shown by his reckless disregard for MONTENEGRO's rights and his personal animosity and hostility towards MONTENEGRO.

115.   ROGELIO made material misstatements of fact in support of the prosecution of MONTENEGRO.

116.   No prosecution of MONTENEGRO would have occurred but for the actions of ROGELIO.

117.   The fact of MONTENEGRO's prosecution became known to many persons to MONTENEGRO unknown as a result of being made part of the public records of

Miami-Dade County and appearing on court documents available to public scrutiny as well as being posted on the internet and otherwise being made available to the public at large.

118.   The termination of the criminal proceeding against MONTENEGRO was a bona fide termination in favor of MONTENEGRO, and it was not a bargained-for result by MONTENEGRO.

119.   42 U.S.C. §1983 provides a remedy for a violation of these rights, including compensatory and punitive damages which are hereby demanded.

120.   As a direct and proximate result of this conduct of ROGELIO, MONTENEGRO has been damaged, including but not limited to the following:  medical expenses; emotional distress; physical pain and suffering; mental pain and suffering; loss of capacity to enjoy life; loss of future earning capacity; loss of rights; imprisonment; discomfort; public humiliation and embarrassment; damage to his good name and reputation; fear; anxiety; loss of personal liberty; apprehension of going to a criminal trial and receiving a jail sentence; outrage; lost wages; financial losses; criminal attorney fees; civil attorney fees; the costs of bringing suit; and other general damages.

## COUNT IX: 42 U.S.C. §1983 VIOLATION OF MONTENEGRO'S CIVIL RIGHTS (ARYEH)

121.   Plaintiff, MONTENEGRO, re-alleges paragraphs one (1) through thirty-eight (38) and incorporates them by reference herein.

122.   This count is in the alternative as permitted under Fed. R. Civ. P. 8, and within the purview of McGhee v. Volusia County, 679 So. 2d 729 (Fla. 1996).

123.   ARYEH's actions on the DOI occurred within the scope of his employment with CITY and under color of state law.

124.   ARYEH knew or should have known, and every reasonable officer in his position would have concluded, that there was no reason to stop or arrest MONTENEGRO, as there was no probable cause or reasonable suspicion to believe he was committing a crime at any time while he was observed by ARYEH.

125.   ARYEH had a legal duty to use only that amount or degree of force against MONTENEGRO as was reasonable and necessary under the circumstances.  Pursuant to the written policies of SMPD, national police standards, and federal and state constitutional law, a police officer cannot use "excessive force," often defined as a level of force inappropriate to the circumstances, against members of the public.

126.   On DOI, ARYEH used an excessive and unnecessary amount of force against MONTENEGRO, which was objectively unreasonable in light of the facts and circumstances confronting ARYEH and did not involve a rapidly evolving situation other than that created by ARYEH, particularly considering that (a) he lacked reasonable suspicion or probable cause, (b) there was no traffic violation, (c) MONTENEGRO posed no immediate threat to the safety of ARYEH or any other person and (d) MONTENEGRO was not actively resisting arrest or attempting to evade arrest by flight.

127.   ARYEH knew or should have known, and every reasonable officer in that position would have concluded, that the force he used against MONTENEGRO was unlawful.

128.   ARYEH violated MONTENEGRO's constitutional rights to be secure in his person, free from an unreasonable seizure, and free from the use of excessive force.

129.   These violations were of a type and character as to which any reasonable person would be aware, and further, the law prohibiting such conduct as

unconstitutional is clearly established.

130.   ARYEH acted knowingly, intentionally, and maliciously, and/or with a reckless or callous indifference to the federally protected rights of MONTENEGRO.

131.   As a direct and proximate result of ARYEH's vioation of MONTENEGRO's civil rights, MONTENEGRO has suffered damages, including mental anguish, bodily injury, pain and suffering, disability, disfigurement, emotional distress, humiliation, embarassment, loss of capacity of the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings,  loss of ability to earn money, and aggravation of a previously existing condition.  The losses are permanent and/or continuing and MONTENEGRO will continue to suffer losses in the future.

132.   MONTENEGRO has retained the undersigned attorney to prosecute this action on his behalf and has agreed to pay him a reasonable fee and to reimburse the costs of this action.

WHEREFORE, MONTENEGRO demands judgment against ARYEH for compensatory and punitive damages, costs, reasonable attorney's fees pursuant to 42 U.S.C. §1988, and such other and further relief as the Court deems appropriate.

### COUNT X: FALSE ARREST/FALSE IMPRISONMENT AGAINST ARYEH

133.   Plaintiff, MONTENEGRO, re-alleges paragraphs one (1) through thirty-eight (38) and incorporates them by reference herein.

134.   This count is in the alternative as permitted under Fed. R. Civ. P. 8, and within the purview of *McGhee v. Volusia County*, 679 So. 2d 729 (Fla. 1996).

135.   ARYEH's actions on the DOI occurred within the scope of his employment with CITY and under color of state law.

136.   ARYEH participated in the following which constituted false imprisonment or arrest of MONTENEGRO: seizing, detaining and/or arresting

MONTENEGRO by: stopping his vehicle; ordering him out of his vehicle; beating him to the ground; handcuffing him; ordering him to sit on the floor; and tasering him.

137.   The criminal offenses with which MONTENEGRO was charged were known to ARYEH to be patently false, without probable cause and/or not supportable under the law, albeit probable cause in a false arrest/imprisonment action is an affirmative defense, the burden of proof of which is the obligation of ARYEH.

138.   MONTENEGRO was deprived of his liberty.

139.   The imprisonment or arrest and deprivation were against MONTENEGRO's will.

140.   The imprisonment or arrest and deprivation were unreasonable and unlawful.

141.   The imprisonment or arrest and deprivation were not based on lawfully issued process of Court and there was no valid warrant for the arrest of MONTENEGRO.

142.   Indeed, ARYEH acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property of MONTENEGRO's rights.

143.   As a direct and proximate result of this conduct of ARYEH, MONTENEGRO has been injured, including but not limited to the following:  physical injury; medical expenses; emotional distress; physical pain and suffering; mental pain and suffering; loss of capacity to enjoy life; loss of future earning capacity; loss of rights; imprisonment; discomfort; public humiliation and embarrassment; damage to his good name and reputation; fear; anxiety; loss of personal liberty; apprehension of going to a criminal trial and receiving a jail sentence; outrage; lost wages; financial losses; criminal attorney fees; civil attorney fees; the costs of bringing suit; and other

general damages.

## COUNT XI: 42 U.S.C. §1983 MONTENEGRO'S CLAIM OF
## MALICIOUS PROSECUTION AGAINST ARYEH

144.   Plaintiff, MONTENEGRO, re-alleges paragraphs one (1) through thirty-eight (38) and incorporates them by reference herein.

145.   This count is in the alternative as permitted under Fed. R. Civ. P. 8, and within the purview of McGhee v. Volusia County, 679 So. 2d 729 (Fla. 1996).

146.   A criminal judicial proceeding was commenced against MONTENEGRO on the criminal charges levid against him, as indicated.

147.   The proceeding was instigated, at least in part, by ARYEH, in the course and scope of his work as a police officer for SMPD.

148.   The proceeding was instituted without probable cause as the facts observed by ARYEH prior to arrest, and the matters known to ARYEH before the institution of prosecution, would not have warranted a reasonable man to believe that any criminal offense had been committed by MONTENEGRO.

149.   ARYEH, acting under color of authority during the course and scope of his employment, but motivated by malice and ill will, which is implied by the lack of probable cause and/or the express malice as shown by his reckless disregard for MONTENEGRO's rights and his personal animosity and hostility towards MONTENEGRO.

150.   ARYEH made material misstatements of fact in support of the prosecution of MONTENEGRO.

151.   No prosecution of MONTENEGRO would have occurred but for the actions of ARYEH.

152.   The fact of MONTENEGRO's prosecution became known to many persons to MONTENEGRO unknown as a result of being made part of the public records of Miami-Dade County and appearing on court documents available to public scrutiny as well as being posted on the internet and otherwise being made available to the public at large.

153.   The termination of the criminal proceeding against MONTENEGRO was a bona fide termination in favor of MONTENEGRO, and it was not a bargained-for result by MONTENEGRO.

154.   42 U.S.C. §1983 provides a remedy for a violation of these rights, including compensatory and punitive damages which are hereby demanded.

155.   As a direct and proximate result of this conduct of ARYEH, MONTENEGRO has been damaged, including but not limited to the following:  medical expenses; emotional distress; physical pain and suffering; mental pain and suffering; loss of capacity to enjoy life; loss of future earning capacity; loss of rights; imprisonment; discomfort; public humiliation and embarrassment; damage to his good name and reputation; fear; anxiety; loss of personal liberty; apprehension of going to a criminal trial and receiving a jail sentence; outrage; lost wages; financial losses; criminal attorney fees; civil attorney fees; the costs of bringing suit; and other general damages.

**COUNT XII: 42 U.S.C. §1983 VIOLATION OF MONTENEGRO'S CIVIL RIGHTS (CHRIS)**

156.   Plaintiff, MONTENEGRO, re-alleges paragraphs one (1) through thirty-eight (38) and incorporates them by reference herein.

157.   This count is in the alternative as permitted under Fed. R. Civ. P. 8, and within the purview of McGhee v. Volusia County, 679 So. 2d 729 (Fla. 1996).

158. CHRIS's actions on the DOI occurred within the scope of his employment with CITY and under color of state law.

159. CHRIS knew or should have known, and every reasonable officer in his position would have concluded, that there was no reason to stop or arrest MONTENEGRO, as there was no probable cause or reasonable suspicion to believe he was committing a crime at any time while he was observed by CHRIS.

160. CHRIS had a legal duty to ensure his fellow officers used only that amount or degree of force against MONTENEGRO as was reasonable and necessary under the circumstances. Pursuant to the written policies of SMPD, national police standards, and federal and state constitutional law, a police officer cannot use "excessive force," often defined as a level of force inappropriate to the circumstances, against members of the public. Moreover, by being present at the scene, CHRIS had an obligation to take reasonable steps to protect MONTENEGRO from another officer's use of excessive force.

161. On DOI, CHRIS failed to intervene as his fellow officers used an excessive and unnecessary amount of force against MONTENEGRO, which was objectively unreasonable in light of the facts and circumstances confronting Defendants and did not involve a rapidly evolving situation other than that created by Defendants, particularly considering that (a) they lacked reasonable suspicion or probable cause, (b) there was no traffic violation, (c) MONTENEGRO posed no immediate threat to the safety of CHRIS or any other Defendant and (d) MONTENEGRO was not actively resisting arrest or attempting to evade arrest by flight.

162. CHRIS knew or should have known, and every reasonable officer in that position would have concluded, that the force the other Defendants used against MONTENEGRO was unlawful and that Chris had an obligation to take reasonable

steps to protect MONTENEGRO.

163.   CHRIS violated MONTENEGRO's constitutional rights to be secure in his person, free from an unreasonable seizure, and free from the use of excessive force.

164.   These violations were of a type and character as to which any reasonable person would be aware, and further, the law prohibiting such conduct as unconstitutional is clearly established.

165.   CHRIS acted knowingly, intentionally, and maliciously, and/or with a reckless or callous indifference to the federally protected rights of MONTENEGRO.

166.   As a direct and proximate result of CHRIS's vioation of MONTENEGRO's civil rights, MONTENEGRO has suffered damages, including mental anguish, bodily injury, pain and suffering, disability, disfigurement, emotional distress, humiliation, embarassment, loss of capacity of the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings,  loss of ability to earn money, and aggravation of a previously existing condition.  The losses are permanent and/or continuing and MONTENEGRO will continue to suffer losses in the future.

167.   MONTENEGRO has retained the undersigned attorney to prosecute this action on his behalf and has agreed to pay him a reasonable fee and to reimburse the costs of this action.

WHEREFORE, MONTENEGRO demands judgment against CHRIS for compensatory and punitive damages, costs, reasonable attorney's fees pursuant to 42 U.S.C. §1988, and such other and further relief as the Court deems appropriate.

### COUNT XIII: FALSE ARREST/FALSE IMPRISONMENT AGAINST CHRIS

168.   Plaintiff, MONTENEGRO, re-alleges paragraphs one (1) through thirty-eight (38) and incorporates them by reference herein.

169.   This count is in the alternative as permitted under Fed. R. Civ. P. 8, and

within the purview of *McGhee v. Volusia County*, 679 So. 2d 729 (Fla. 1996).

170.   CHRIS's actions on the DOI occurred within the scope of his employment with CITY and under color of state law.

171.   CHRIS participated in the following which constituted false imprisonment or arrest of MONTENEGRO: seizing, detaining and/or arresting MONTENEGRO by: stopping his vehicle; ordering him out of his vehicle; beating him to the ground; handcuffing him; ordering him to sit on the floor; and tasering him.

172.   The criminal offenses with which MONTENEGRO was charged were known to CHRIS to be patently false, without probable cause and/or not supportable under the law, albeit probable cause in a false arrest/imprisonment action is an affirmative defense, the burden of proof of which is the obligation of CHRIS.

173.   MONTENEGRO was deprived of his liberty.

174.   The imprisonment or arrest and deprivation were against MONTENEGRO's will.

175.   The imprisonment or arrest and deprivation were unreasonable and unlawful.

176.   The imprisonment or arrest and deprivation were not based on lawfully issued process of Court and there was no valid warrant for the arrest of MONTENEGRO.

177.   Indeed, CHRIS acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property of MONTENEGRO's rights.

178.   As a direct and proximate result of this conduct of CHRIS, MONTENEGRO has been injured, including but not limited to the following:  physical injury; medical expenses; emotional distress; physical pain and suffering; mental pain

and suffering; loss of capacity to enjoy life; loss of future earning capacity; loss of rights; imprisonment; discomfort; public humiliation and embarrassment; damage to his good name and reputation; fear; anxiety; loss of personal liberty; apprehension of going to a criminal trial and receiving a jail sentence; outrage; lost wages; financial losses; criminal attorney fees; civil attorney fees; the costs of bringing suit; and other general damages.

### COUNT XIV: 42 U.S.C. §1983 MONTENEGRO'S CLAIM OF MALICIOUS PROSECUTION AGAINST CHRIS

179.   Plaintiff, MONTENEGRO, re-alleges paragraphs one (1) through thirty-eight (38) and incorporates them by reference herein.

180.   This count is in the alternative as permitted under Fed. R. Civ. P. 8, and within the purview of McGhee v. Volusia County, 679 So. 2d 729 (Fla. 1996).

181.   A criminal judicial proceeding was commenced against MONTENEGRO on the criminal charges levid against him, as indicated.

182.   The proceeding was instigated, at least in part, by CHRIS, in the course and scope of his work as a police officer for SMPD.

183.   The proceeding was instituted without probable cause as the facts observed by CHRIS prior to arrest, and the matters known to CHRIS before the institution of prosecution, would not have warranted a reasonable man to believe that any criminal offense had been committed by MONTENEGRO.

184.   CHRIS, acting under color of authority during the course and scope of his employment, but motivated by malice and ill will, which is implied by the lack of probable cause and/or the express malice as shown by his reckless disregard for MONTENEGRO's rights and his personal animosity and hostility towards MONTENEGRO.

185.   CHRIS made material misstatements of fact in support of the prosecution of MONTENEGRO.

186.   No prosecution of MONTENEGRO would have occurred but for the actions of CHRIS.

187.   The fact of MONTENEGRO's prosecution became known to many persons to MONTENEGRO unknown as a result of being made part of the public records of Miami-Dade County and appearing on court documents available to public scrutiny as well as being posted on the internet and otherwise being made available to the public at large.

188.   The termination of the criminal proceeding against MONTENEGRO was a bona fide termination in favor of MONTENEGRO, and it was not a bargained-for result by MONTENEGRO.

189.   42 U.S.C. §1983 provides a remedy for a violation of these rights, including compensatory and punitive damages which are hereby demanded.

190.   As a direct and proximate result of this conduct of CHRIS, MONTENEGRO has been damaged, including but not limited to the following:  medical expenses; emotional distress; physical pain and suffering; mental pain and suffering; loss of capacity to enjoy life; loss of future earning capacity; loss of rights; imprisonment; discomfort; public humiliation and embarrassment; damage to his good name and reputation; fear; anxiety; loss of personal liberty; apprehension of going to a criminal trial and receiving a jail sentence; outrage; lost wages; financial losses; criminal attorney fees; civil attorney fees; the costs of bringing suit; and other general damages.

**<u>DEMAND FOR JURY TRIAL</u>**

MONTENEGRO hereby demands a jury trial on all issues so triable.

DATED this 13th day of September, 2016.

> DANIEL W. COURTNEY, P.A.
> 800 Brickell Avenue
> Suite 1400
> Miami, FL  33131
> Telephone: (305) 579-0008
> Facsimile: (305) 358-7222
>
>
> By:   s/ Daniel W.  Courtney_____
>        Daniel W. Courtney
>        Florida Bar No: 0499781